IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JASMINE D. LEWIS,

        Petitioner,   :   Case No. 2:20-cv-3461

  - vs -                        District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
 Dayton Correctional Institution,

                                   :
        Respondent.

## DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY

This habeas corpus case is before the Court on Petitioner's Motion for Discovery (ECF No. 8); she seeks to depose her trial attorney and obtain his file from his representation of her. *Id.* at PageID 346.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, citing *United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F.3d

809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *quoting Stanford*, 266 F.3d at 460.

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.  First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all.  In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not.  Second, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery.  520 U.S. at 907-909.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform a district court's exercise of its discretion in granting discovery under Habeas Rule 6.  The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits.  Logically, there is no good reason to gather evidence which one will not be permitted to present.  This Magistrate Judge applied this reasoning to grant discovery in habeas corpus cases for many years prior to 2011.

However, in 2011, the Supreme Court decided *Cullen v. Pinholster*, 563 U.S. 170 (2011).  In denying the petition in that case, the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered.  *Id.* at

187.    Pursuant to *Pinholster,* under 28 U.S.C. § 2254(d)(1), when addressing a claim that was adjudicated on the merits by the state court, the habeas court's review is limited to the record that was before the state court.  *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013); *Bray v. Andrews,* 640 F.3d 731, 737 (6th Cir. 2011); *Henness v. Bagley*, 644 F.3d 308, 327 (6th Cir. 2011)(Facts not presented to the state court cannot be considered in reviewing claims decided on the merits in the state courts); *Bourne v. Curtin,* 666 F.3d 411 (6th Cir. 2012)(same).  *Pinholster* applies with equal force to 28 U.S.C. § 2254(d)(2) claims *Moore v. Mitchell*, 708 F.3d 760, 780 n.5 (6th Cir. 2013); *Caudill v. Conover*, 871 F. Supp. 2d 639, 645-46 (E.D. Ky. 2011)..

In *Johnson v. Bobby*, No. 2:08-cv-55, 2018 U.S. Dist. LEXIS 44709 (S.D. Ohio Mar. 19, 2018), Chief Judge Sargus applied this same reasoning to deny discovery where the results could not have been presented in federal court because of *Pinholster*.[1]  Judge Sargus cited other case law from this District considering *Pinholster* on the question of discovery in habeas cases, including two opinions by the undersigned  *Blevins v. Warden, Ross Corr. Inst.,* No. 1:05-cv-38, 2011 U.S. Dist. LEXIS 142011 (S.D. Ohio Dec. 9, 2011), and *Skatzes v. Smith*, No. 3:09-cv-289, 2012 U.S. Dist. LEXIS 23431 (S.D. Ohio Feb. 24, 2012).  Logically, there is no good reason to gather evidence through discovery that cannot be presented for the Court to make a decision.

Accordingly, the Court finds Petitioner has not shown good cause for discovery under Habeas Rule 6 because she has not shown that the results of such discovery could be admitted in evidence.  The Motion for Discovery is denied without prejudice to its renewal in a form demonstrating that the results of any discovery could be used in deciding this case.

N.B.  The following paragraph appears at PageID 344 in the instant Motion:  "On July 9, 2020,

---

[1] *Johnson* should be familiar to Petitioner's counsel because he was counsel to Petitioner in that case.

Lewis filed a habeas corpus petition. **(R.1,** Petition, PageID#1-17) On September 8, 2019, Respondent, the Warden of the Dayton Correctional Institution, filed its Return of Writ. (**R.5,** Return of Writ, PageID#296-323)." The boldfaced record references do not comply with S. D. Ohio Civ. R. 7.2(b)(5), which reads

> (5) Pinpoint Citations. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief titleu and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

Any renewed motion for discovery and indeed any future filing in this case which makes a record reference must comply with Rule 7.2(b)(5).  Lest counsel think this is pure pedantry on the Magistrate Judge's part, the Court's electronic filing system will be upgraded in November.  The upgrade includes a feature called CitationLink, which will insert hyperlinks to the record and to external case law, but only if the proper record reference abbreviation is used.  Upon inquiry, the Court has learned that "R" or "R." will not be recognized by CitationLink and hence are not acceptable.

October 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
