**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

JASMINE D. LEWIS,

                Petitioner,          :     Case No. 2:20-cv-3461

     - vs -                        District Judge Michael H. Watson
                                          Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
 Dayton Correctional Institution,

                               :
             Respondent.

---

## DECISION AND ORDER REGARDING DOCUMENTS FILED UNDER SEAL

---

On Motion of the Petitioner (ECF No. 13), the Magistrate Judge allowed certain documents to be filed temporarily under seal (ECF No. 14) so that Court could perform the review related to sealing required by *Procter &Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), and *Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016)(Kethledge, J.).

The documents in question are the Presentence Investigation Report in the underlying criminal case (ECF No. 15, PageID 369-79) and a report on an evaluation of Petitioner's competency to stand trial from the Forensic Psychiatry Center for Western Ohio, prepared by Barbra Bergman, Ph.D. *Id.* at PageID 380-90.

The only justification given by Petitioner for filing these documents under seal is that they "contain confidential and sensitive information regarding Lewis." (ECF No. 13, PageID 361).  This

1

claim is completely conclusory.  It fails to describe the nature of the information in each of these

eleven-page documents which is claimed to be confidential and any case authority supporting the

putative confidentiality of any of the information.  This leaves it completely to the Court to

hypothesize and evaluate possible bases for the confidentiality claim.

Turning first to the Presentence Investigation Report, the Court notes that it contains no

facial indicia of confidentiality.  Compare S. D. Ohio Crim. R. 32.1(k) which provides:

> (k) Both the initial and final presentence reports are confidential
> Court documents. All copies and all information contained in the
> reports shall be maintained in confidence by anyone who obtains
> them and not disclosed to another for any purpose other than the
> prosecution or defense of the case or unless the Judge to whom this
> case is assigned authorizes another disclosure. Each page of the
> initial and final reports shall contain the legend, "CONFIDENTIAL
> UNDER S.D. OHIO CRIM. R. 32.1. UNAUTHORIZED
> DISCLOSURE MAY BE PUNISHED AS A CONTEMPT OF
> THIS COURT." Pursuant to 28 U.S.C. § 994(w), the sentencing
> judge shall provide the presentence report to the Sentencing
> Commission, along with the statement of reasons for the sentence
> imposed, the judgment, any written plea agreement, and the
> indictment or other charging document, within thirty days of the
> entry of the judgment. The Probation Officer shall provide a copy of
> the final report to the Bureau of Prisons. If the defendant's
> supervision is transferred to another district, the Probation Officer
> shall provide a copy of the final report to the Probation Department
> of the transferee district. All paper copies shall be maintained in
> secured files, and all electronic copies shall be password-protected.
> Any presentence report filed with the Clerk shall be filed under seal.
> Violations of this Rule may be punished as a contempt of this Court.

Does the Logan County Common Pleas Court have a similar or parallel rule?  Or some

other way in which it attempts to protect some or all of the information in presentence investigation

reports?

If we turn then to the competency evaluation, there the author has stated that the contents

should remain confidential.  But have they been maintained in confidence?  In other words, at

some point after the confidentiality legend was printed onn the report did one or more persons

2

disregard it and make it broadly available?  The Federal Rules of Civil Procedure provide for the

protection of trade secrets, but only so long as their secrecy has not been breached.

Judge Kethledge's statement of the standard for sealing bears quoting at some length:

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection.
>
> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases— including "antitrust" cases, *Id.* at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." Id. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." Id. at 1181; *see also, e.g., Baxter,* 297 F.3d at 546.
>
> The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson,* 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most

3

compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. See *Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied . . . with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.,* 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

In like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson*. (There, our court "reach[ed] the question" of the district court's seal "on our own motion." *Id*.) As our decision there illustrates, a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal. *Id.; see also United States v. Kravetz,* 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order").

We review the court's orders to seal its records for an abuse of discretion—although, "[i]n light of the important rights involved, the district court's decision is not accorded" the deference that standard normally brings. *Knoxville News-Sentinel*, 723 F.2d at 476.

*Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016).

4

It would be easy – in the interest of judicial economy, one might say – to grant a sealing motion when no party objects. Review of a sealing or unsealing order, after all, is for abuse of discretion. *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987).

> But a court's discretion to seal its records is bounded by a "long-established legal tradition" of the "presumptive right of the public to inspect and copy judicial documents and files." *Knoxville News-Sentinel*, 723 F.2d at 474. "In light of the important rights involved," we have held that "the district court's decision is not accorded the traditional scope of 'narrow review reserved for discretionary decisions based on first-hand observations.'" *Id.* at 476 (quoting *United States v. Criden*, 648 F.2d 814, 818 (3d Cir. 1981)). Instead, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (citations omitted).

*Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593 (6th Cir. 2016). Thus a simple one-word notation order will not due.

The Magistrate Judge realizes that the task of justifying a sealing order may be burdensome, but that burden is by law on the party seeking sealing. Justifying a sealing by having a judge hypothesize what interests are sought to be protected is even more burdensome for the judge involved.

Accordingly, the motion to maintain these two documents under seal is DENIED without prejudice to its renewal not later than October 22, 2020, if supported by a memorandum detailing the confidentiality interests sought to be protected by a sealing order and any authority counsel may have for the legal recognition of those interests.

The Sixth Circuit and Supreme Court jurisprudence on sealing appears to be binary: something (a court record or hearing) is either open or closed. *Shane Group*, for example, does not discuss intermediate possibilities. However, electronic filing has made access much easier, but intermediate approaches to confidentiality more available. For example, a large portion of the

work of this and many District Courts consists of reviewing claims for disability compensation under the Social Security Act.  The administrative records in those cases consist largely of medical records which must be reviewed by the Court and are therefore public records, but which need not be available to any person who has a PACER account.  Members of the public who wish to view those records must do so at the Clerk's Office terminal.  In seeking protection for the two documents in question, counsel may wish to consult with the Clerk about levels of sealing the electronic record that would protect his client's confidentiality interest without complete sealing. Counsel may also wish to propose redacting any information from the public copies of those documents and filing unredacted copies under seal.  See Fed.R.Civ.P. 5.2.

The documents in question will remain temporarily under seal pending a final determination of the sealing question.

October 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge