# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JASMINE D. LEWIS,

        Petitioner,      :    Case No. 2:20-cv-3461

  - vs -                           District Judge Michael H. Watson
                                        Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
 Dayton Correctional Institution,

                                       :
        Respondent.

## DECISION AND ORDER ON EXPANDING THE RECORD AND MAINTAINING DOCUMENTS UNDER SEAL

This habeas corpus case is before the Court on Petitioner's Renewed Motion to Expand the Record and for Leave to File Documents Under Seal (ECF No. 20).  The Motion is in response to the Magistrate Judge's Decision and Order allowing two documents to be filed under seal and requiring Petitioner to justify the sealing under *Procter &Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), and *Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016)(ECF No. 17).

**Expansion of the Record**

With the consent of counsel for the Respondent, the Court has already ordered the record expanded to include documents described as "1) Presentence Investigation Report, 2) 06/21/2017

1

"Confidential" Court's Exhibit 1, and 3) 06/08/2017 Judgment Entry" *Id.* at PageID 361 (ECF No. 17, PageID 409).

Rule 7(b) of the Rules Governing § 2254 Cases provides: "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." This portion of Rule 7 has not been amended since its adoption in 1976 and reflects the evidentiary scheme which prevailed in habeas corpus before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and in particular before the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). Under *Pinholster*, a habeas court may not consider facts not presented to the state court if that court decided the claim later presented in habeas on the merits, at least until the habeas court has decided that the state court decision does not satisfy 28 U.S.C. § 2254(d)(1) or (d)(2). *Henness v. Bagley*, 644 F.3d 308, 327 (6th Cir. 2011). The expansion of the record granted here is based on the understanding that the three documents allowed were in fact before the state courts and thus their consideration will not violate the *Pinholster* rule.

**Maintaining the Documents Under Seal**

Of the three documents submitted to expand the record, the Judgment Entry now found at PageID 361 is part of the public record of the state courts. The Magistrate Judge does not understand that Petitioner seeks to have that document under seal.

**Presentence Investigation Report**

One of the documents sought to be kept under seal is Petitioner's Presentence Investigation Report. As Petitioner shows, the Ohio General Assembly has taken detailed steps to maintain the confidentiality of such Reports. Ohio Revised Code § Code § 2951.03(D)(1) provides in pertinent part

> The contents of a presentence investigation report prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2 and the contents of any written or oral summary of a presentence investigation report or of a part of a presentence investigation report described in division (B)(3) of this section are confidential information and are not a public record.

Subsection (D)(3) requires "the court or other authorized holder of the report or summary shall retain the report or summary under seal." The legislature seems to have been particularly concerned that presentence investigation reports not be found to be public records under Ohio Revised Code § 149.43 which would make them available to any member of the public on demand. See Ohio Revised Code § 2951.03(F)(3).

This legislation parallels S. D. Ohio Crim. R. 32.1(k) which provides

> (k) Both the initial and final presentence reports are confidential Court documents. All copies and all information contained in the reports shall be maintained in confidence by anyone who obtains them and not disclosed to another for any purpose other than the prosecution or defense of the case or unless the Judge to whom this case is assigned authorizes another disclosure. Each page of the initial and final reports shall contain the legend, "CONFIDENTIAL UNDER S.D. OHIO CRIM. R. 32.1. UNAUTHORIZED DISCLOSURE MAY BE PUNISHED AS A CONTEMPT OF THIS COURT." Pursuant to 28 U.S.C. § 994(w), the sentencing judge shall provide the presentence report to the Sentencing Commission, along with the statement of reasons for the sentence imposed, the judgment, any written plea agreement, and the indictment or other charging document, within thirty days of the entry of the judgment. The Probation Officer shall provide a copy

>of the final report to the Bureau of Prisons. If the defendant's supervision is transferred to another district, the Probation Officer shall provide a copy of the final report to the Probation Department of the transferee district. All paper copies shall be maintained in secured files, and all electronic copies shall be password-protected. Any presentence report filed with the Clerk shall be filed under seal. Violations of this Rule may be punished as a contempt of this Court.

This is the only section of the Court's Local Rules which expressly threatens a contempt sanction for violation. The Rule in its present form was adopted[1] because of an apparent breach of confidentiality by a holder of a presentence investigation report which resulted in serious criminal charges against a defendant. It is appropriate for the Court as a matter of comity with the Ohio courts, to recognize the same confidentiality interest in Ohio presentence investigation reports as it commands for its own.

Accordingly, Petitioner's Presentence Investigation Report shall remain under seal.

**Competency Evaluation**

The other document sought to be maintained under seal is a report of an evaluation of Petitioner's competency to stand trial from the Forensic Psychiatry Center for Western Ohio, prepared by Barbra Bergman, Ph.D. (ECF No. 15, PageID 380-90).

As a basis for maintaining this document under seal, Petitioner relies on *State v. Beach*, 2003-Ohio-6546, ¶ 23 (Ohio App. 7th Dist. (Dec. 3, 2003). In the cited case the Seventh District reports that a competency evaluation had been maintained under seal, but was still in the record for the court of appeals to review, although it was in a sealed portion of the record, treated as a

---

[1] As Secretary of the Local Rules Committee, the undersigned was assigned the drafting of this the Rule for the Court.

4

presentence investigation report would be. The question of whether the report should have been kept under seal was not discussed, but treated as having been done as a matter of course.

*State v. Russell,* 2019-Ohio-692 (Ohio App. 5th Dist., Feb. 25, 2019), is to the same effect. It merely mentions that a restoration to competency evaluation report had been filed under seal and does not discuss the reasons for sealing it. The same is true of *State v. Mangus,* 2008-Ohio-6210 (Ohio App. 7th Dist. Nov. 24, 2008), and *State v. Garcia*, 2008-Ohio-2095 (Ohio App. 6th Dist. May 2, 2008).

The four cases cited by Petitioner cannot be regarded as even persuasive precedents on the question of whether competency evaluation reports **should be** sealed because they do not address that question, but merely record the fact that such reports **were** sealed in the cases before them. Judge Kethledge's opinion in *Shane Group, supra,* adverts to the fact that many times federal district courts have allowed documents to be sealed on stipulation of the parties without the required consideration of the public interest in transparency of court proceedings.

As a general matter apart from any case law, Petitioner argues the competency evaluation report should be maintained under seal because

> It contains sensitive information regarding Lewis' upbringing and mental status, information that should not be disclosed to persons other than the parties to this case and the reviewing Court. It is similar to medical records in that it contains details traditionally kept between a patient and her treating doctor.

(Motion, ECF No. 20, PageID 503).

Reviewing the document itself, the Court notes that each page of the document contains the legend "**CONFIDENTIAL THE COURT MUST AUTHORIZE FURTHER DISCLOSURE OF THIS INFORMATION.**" Presumably the intended reference is to the court that ordered the evaluation. Petitioner provides no authority showing that this legend or the

5

confidentiality it commands is required or permitted by Ohio law. At the outset of the evaluation, Petitioner acknowledged that she understood the results of the examination would be reported to the court (PageID 382). Thus she did not have or think she had the kind of confidentiality that would exist between a patient and a treating doctor or psychologist.

The more compelling analogy in the Court's judgment is to attorney-client communication privilege. In order to evaluate whether Petitioner understood the charges against her and the functions of the various participants in the criminal justice process, Dr. Bergman asked her many questions about the incident and the process. The answers she gave are in many instances inculpatory such that unsealing the report would seriously compromise her privilege of remaining silent under the Fifth Amendment[2], particularly if a new trial were to be ordered in this case.

The instant Motion epitomizes the difficulties, in a system which relies on adversary presentation, of deciding a motion to seal where no litigant represents the public interest in disclosure. In *Shane Group, supra*, the Sixth Circuit held that a District Court considering sealing must "set forth those reasons as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." 825 F.3d at 306. As to the Competency Evaluation Report, Petitioner's interests in non-disclosure of details of her medical and social history, combined very importantly with protecting her Fifth Amendment interests, and the State's interest in keeping such reports confidential, outweigh any interest in disclosure. The seal here is no broader than necessary to protect those interests because it is limited to documents that contain the confidential and privileged information and, as noted above, the State of Ohio has a declared interest in the

---

[2] Petitioner's guilty plea did not waive her privilege for all purposes. The privilege against self-incrimination continues to apply at sentencing in a criminal case. *Mitchell v. United States*, 526 U.S. 314 (1999).

confidentiality of all documentsw classified as these two are.

**Conclusion**

Petitioner's Motion, which is unopposed by the Respondent, is GRANTED. The two referenced documents will be maintained by the Clerk under seal.

October 25, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
