UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASMINE D. LEWIS,

        Petitioner,               Case No. 2:20-cv-3461

    v.                                   Judge Michael H. Watson
                                      Magistrate Judge Michael R. Merz

SHELBIE SMITH, Warden,
Dayton Correctional Institution,

        Respondent.

## OPINION AND ORDER

This habeas corpus case, brought by Petitioner Jasmine Lewis ("Lewis") with the assistance of counsel, is before the Court on Petitioner's Objections, ECF No. 23, to the Magistrate Judge's Report and Recommendations ("R&R"), ECF No. 22, which recommended dismissing the Petition with prejudice.

As required by Federal Rule of Civil Procedure 72(b), the Court has reviewed *de novo* those portions of the R&R to which Petitioner has objected.

Petitioner's sole ground for habeas relief is that her plea of guilty to complicity to murder was not knowing, intelligent, and voluntary because her trial attorney advised her she could receive a sentence as low as life imprisonment with parole eligibility at seven years, whereas the mandatory minimum sentence was the sentence she received—life with parole eligibility at fifteen years.

Lewis raised the same claim as her sole assignment of error on direct appeal of her criminal case, and the Ohio Third District Court of Appeals rejected it on the

merits. *State v. Lewis*, 2018-Ohio-1911 (Ohio App. 3d Dist. May 14, 2018). The appellate decision rested on lack of proof of prejudice required by the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

Lewis did not appeal to the Supreme Court of Ohio but instead filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. As evidence *dehors* the direct appeal record, she offered her own affidavit and that of her mother and her trial attorney. The trial court denied post-conviction relief, and the Third District again affirmed. *State v. Lewis*, 2019-Ohio-3031 (Ohio App. 3rd Dist. Jul. 29, 2019), appellate jurisdiction declined, 157 Ohio St. 3d 1519 (2019).

In this case, the R&R recommended rejecting Respondent's defense that Lewis had not exhausted her state court remedy of delayed direct appeal to the Supreme Court of Ohio, ECF No. 22, PAGEID # 527. Respondent filed no objection. Accordingly, that recommendation is **ADOPTED**.

Respondent also argued in this case that Lewis's claim was barred by procedural default under Ohio's criminal *res judicata* doctrine. The R&R concluded merits review was not barred by *res judicata*, ECF No. 22, PAGEID # 531, relying on *Durr v. Mitchell*, 487 F.3d 423 (6th Cir. 2007), and *Post v. Bradshaw*, 621 F.3d 406 (6th Cir. 2010) (*citing Cone v. Bell*, 556 U.S. 449 (2009)). Again, Respondent has not objected, and this conclusion of the R&R is therefore also **ADOPTED**.

On the merits of her ineffective assistance of trial counsel claim, the R&R noted that the Third District had found Attorney Benavidez's performance deficient, satisfying the first prong of *Strickland*, and that Respondent did not contest that conclusion, ECF No. 22, PAGEID # 533. Instead, Respondent argued the Third

District's finding that Lewis suffered no prejudice was entitled to deference under 28 U.S.C. § 2254(d).

The Third District's finding was based on the plea colloquy in which the trial judge clearly explained that the sentence would be fifteen years to life and Lewis's statement in the presentence investigation process of her understanding that that would be the sentence. The evidence offered to prove otherwise—the trial attorney's request for a lesser sentence at the sentencing hearing—cannot have induced the prior guilty plea. Upon that analysis, the R&R recommended deference to the Third District's decision and dismissal of the Petition.

Lewis begins her Objections as follows:

> **GENERAL OBJECTION**
>
> Lewis objects to each and every finding of fact and conclusion of law in the Report and Recommendations which is adverse to Lewis' claim for relief.

Obj., ECF No. 23, PAGEID # 538. However, only specific objections are preserved for review and possible appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell*, 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745,

> 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden*, 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). The Court accordingly offers no analysis of Lewis's "General Objection."

As stated above, the R&R concluded that Lewis should not be required to exhaust the theoretically-available remedy of a delayed direct appeal to the Supreme Court of Ohio, that is, that failure to exhaust that remedy should be excused. Lewis objects to the exhaustion analysis. Obj., ECF No. 23, PAGEID ## 538–40. As noted above, Respondent did not object, and the recommendation was favorable to Lewis, so there is no need for the Court to review this objection.

Lewis also objects to the Magistrate Judge's procedural default analysis. ECF No. 23, PAGEID ## 540–44. Because the Magistrate Judge concluded this Court could and should reach the merits despite Respondent's procedural default claim, and Respondent did not object to this conclusion, there is similarly no need for the Court to review this objection.

Ultimately, on the merits, the Magistrate Judge recommended the Court defer to the decision of the Third District that Lewis had not proved she was prejudiced by any faulty advice she may have received from Attorney Benavidez, and the Petition should therefore be dismissed on the merits. R&R, ECF No. 22, PAGEID ## 531–35.

On this score, Lewis objects that "the Third District inexplicably determined Ms. Lewis did not establish she would not have pled guilty but for the erroneous

advice, *Lewis*, 2019-Ohio-3031, ¶¶ 23–30, ECF No. 4, State Court Record, Exhibit 28, PAGEID ## 194–98, despite clear evidence to the contrary." Obj., ECF No. 23, PAGEID # 546.

The "clear evidence to the contrary" to which Lewis first cites is Benavidez's request for a lesser sentence at the sentencing hearing. *Id.* at PAGEID # 546. Although that evidence supports the deficient performance prong of *Strickland*, it says nothing about whether Lewis would have gone to trial absent the deficient performance. Lewis admits that is the test on the prejudice prong. *Id.* at PAGEID # 545 (citing *State v. Xie*, 62 Ohio St. 3d 521, 524, 584 N.E.2d 715 (1992) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) and *Strickland*, 466 U.S. at 687)).

Next, Petitioner objects that "Ms. Lewis' counsel promised her that she could receive a sentence of less than 15 years to life." Obj., ECF No. 23, purporting to quote Petition to Vacate, State Court Record, ECF No. 4, Ex. 18, PAGEID ## 77–82. The cited pages are the three affidavits in support of the Petition. Lewis herself avers, "I spoke with Mr. Benavidez approximately five times. He told me that if I pled guilty to complicity to murder, it would be possible for me to be released after seven years if I behaved well in prison." PAGEID # 77, ¶ 2. Lewis's mother, Nikitta Peterson ("Peterson"), avers, "On at least three occasions, Mr. Benavidez told me that if Jasmine pled guilty to complicity to murder, it would be possible for her to be released after seven years if she behaved well in prison." PAGEID # 79, ¶ 2. Finally, Attorney Benavidez avers "Previous to the plea and sentencing, I told Ms. Lewis that she would be eligible for release once she completed half of the 15 year sentence." PAGEID # 81, ¶ 5. Again, these averments show the deficient

performance, which the Third District found. But they do not speak to prejudice.

Would Lewis have insisted on going to trial without this erroneous legal advice? Benavidez says nothing on this point, either as to the advice about going to trial he gave Lewis or what she told him was her thinking about the plea. Peterson states her belief that Lewis would not have pleaded guilty without the erroneous advice, but she gives no basis for that belief. PAGEID # 79, ¶ 20. This leaves Lewis's averment, "I would not have pled guilty if Mr. Benavidez had not told my mother and me that I would not be able to be released after seven years in prison." PAGEID # 77, ¶ 5. This is pure *ipse dixit*. She does not tell us how she arrived at that conclusion or when, if ever, she told it to anyone else.[1]

Lewis's counsel contends this conclusory statement by Lewis must be taken as conclusive proof she would not have pleaded, arguing "there is no question that Ms. Lewis would not have pled guilty but for trial counsel's misinterpretation of the law." Obj., ECF No. 23, PAGEID # 547. But instead of trying to prove that proposition, he turns instead in the same paragraph back to arguing how bad the advice was.

Along with the murder charge, Lewis was indicted on charges of complicity to aggravated robbery (a felony of the first degree) and aggravated burglary (also a first-degree felony), as well as a firearm specification. Had she been convicted on all charges, she would have faced a minimum of three years' imprisonment on each of the robbery and burglary charges plus a three-year mandatory minimum

---

[1] If she told it to either her mother or Benavidez at the time of sentencing, including that fact in their post-conviction affidavits would at least have presented a prior consistent statement.

consecutive sentence on the firearm specification. Unless those sentences were imposed to run concurrently[2], she risked nine years' imprisonment in addition to the murder sentence. Lewis offers no basis on which she could have expected to successfully defend against those charges given that there were four co-defendant witnesses. Lewis had an undoubted right to go trial, but she offers no rationale under which it would have been in her interest to do so in light of the offered plea agreement.

In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). *Hill*, 474 U.S. at 58. Moreover, she must show that there would have been a reasonable chance she would have been acquitted had she gone to trial. *Id.* at 59. In addition to failing to show that she would have insisted to go to trial, Lewis has offered nothing to show she had a reasonable chance of success at trial.

Lewis argues it is "important" that neither the prosecutor nor the trial judge corrected Attorney Benavidez when he asked for a lesser sentence **at the sentencing hearing**. Obj., ECF No. 23, PAGEID # 549. But the test for whether the plea was knowing, intelligent, and voluntary depends on Lewis's state of mind **at**

---

[2] Her young age might have counseled the court against consecutive sentencing. On the other hand, this was a joint scheme of five co-defendants which involved shoplifting disguises and the presence of guns in the execution of the plan.

**the plea colloquy**, and she does not contend that her attorney, the prosecutor, or the judge stated anything at that hearing other than that the mandatory minimum sentence was fifteen to life.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation on the merits and overrules Petitioner's Objections.

Finally, the R&R also recommended denying a certificate of appealability. Lewis objects but merely asserts reasonable jurists could disagree. She cites no other similar cases in which other jurists, reasonable or not, have reached contrary conclusions in a negotiated plea case. The Sixth Circuit has recently cautioned:

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson*, 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020). The Sixth Circuit can consider this question *de novo* and grant a certificate in its discretion. But the Court concludes Lewis has not proved reasonable jurists would disagree with the

outcome.

Based on the foregoing analysis, the Court **ADOPTS** the Magistrate Judge's R&R and **OVERRULES** Petitioner's objections. The Clerk shall enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT